NO SUMMONS ISSUED

FILED
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

2012 MAR -9 PH 2: 21

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

MEGHAN WURTZ and MINDY BURNOVSKI,
individually and on behalf of all others similarly situated,

        Plaintiff,

  - vs. -

THE RAWLINGS COMPANY, LLC; OXFORD HEALTH
PLANS (NY), INC.; UNITEDHEALTH GROUP,
INCORPORATED,

        Defendants.

Case No. _____

ECF CASE

CV 12 - 1182

BOYLE, M.J.

## NOTICE OF REMOVAL

Defendants The Rawlings Company, LLC ("Rawlings"); Oxford Health Plans (NY), Inc.

("Oxford"); UnitedHealth Group, Incorporated ("UnitedHealth"), collectively referred to as

"Defendants", hereby give notice of the removal of this action from the Supreme Court of the

State of New York, County of Nassau, Index No. 12-001459, to the United States District Court,

Eastern District of New York, pursuant to 28 U.S.C. §§ 1331, 1332(d), 1441(a) and (b), 1446

and 1453. Defendants state as follows:

**I.**    **Procedural Background and Nature of the Action**

      1.    On February 3, 2012, Plaintiffs Meghan Wurtz ("Wurtz") and Mindy Burnovski

("Burnovski") filed a putative class action complaint (the "Complaint" or "Compl.") in the

Supreme Court of the State of New York, Nassau County, Index No. 12-001459, (the

"Action") against Defendants. A true and correct copy of the Summons and Complaint,

constituting all pleadings, process and orders served upon Defendants in this action, is annexed

hereto as Exhibit 1.

1

2.     Defendants have filed this Notice of Removal within 30 days of February 10, 2012, the date on which the first defendant received the initial pleading setting forth the claims for relief upon which the Action is based.

3.     Plaintiffs allege that they suffered personal injuries at the hands of third parties and, as a result, received medical benefits from their fully insured health plans through Oxford ("Plans"). (Compl., ¶¶ 6, 7.) Plaintiffs' complaint incorporates language describing their insurance plans as "ERISA plans", or Plans within the scope of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (*Id.* at 19, 21.)

4.     ERISA applies broadly to employee benefit plans established or maintained by employers or employee organizations, including insurance plans to provide medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, or death. *See* ERISA §§ 3(1), 4(a), 29 U.S.C. § 1002(1), 1003(a); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44 (1987); *Borden v. Blue Cross and Blue Shield of W. N.Y.*, 418 F.Supp.2d 266, 271 (W.D.N.Y. 2006).

5.     Plaintiffs filed lawsuits against their respective tortfeasors to recover for their personal injuries and damages. (Compl. ¶¶ 6, 7).

6.     Rawlings, as Oxford's alleged collection agent, notified Plaintiffs of its "claim/ lien for medical benefits paid", advised that the medical benefits paid to them were paid "pursuant to an ERISA plan governed by federal law," and informed them Plaintiffs that, while legal viewpoints differ as to the application of NY GOL § 5-335, the "claim/lien applies to any amount" due or payable in connection with the personal injury lawsuits. (Compl., ¶¶ 19, 21.) Rawlings advised that "No settlement of any claim should be made prior to notifying our office

2

of the potential settlement and reaching an agreement for satisfaction of our client's interest." (*Id.*)

7.    According to the Complaint, Wurtz settled her personal injury action and paid Rawlings $1,316.87, the amount of the claim or lien for the medical benefits provided by Oxford. (Compl., ¶¶ 6, 19.)

8.    Burnovski does not allege a settlement of her personal injury lawsuit and contends that Rawlings, as Oxford's alleged agent, asserts a claim or lien in the amount of $78,991.48, representing the amount of medical benefits provided by Oxford. (Compl., ¶¶ 7, 21.)

9.    Plaintiffs assert that Defendants' assertion or collection of reimbursement and/or present and future efforts to collect reimbursement from persons insured under fully insured health insurance plans violates NY GOL § 5-335. The Complaint's First Cause of Action seeks a Declaratory Judgment that the New York law prohibits the enforcement of contractual liens; the Second Cause of Action alleges that Defendants' assertion of a lien is a deceptive act or practice, in violation of New York General Business Law § 349; and the Third Cause of Action contends that Defendants have been unjustly enriched at Plaintiffs' expense. (Compl., ¶¶ 37-54.) For relief, Plaintiffs seek a constructive trust, disgorgement, restitution and compensatory and punitive damages against Defendants for reimbursement paid by Wurtz and putative class members, and permanent injunctive relief on behalf of Burnovski and putative class members persons against pending and future assertions of claims or liens for reimbursement. (Compl., prayer for relief .)

10.    Plaintiffs purport to bring the Action on behalf of: "(i) all persons who have paid monies to Defendants and/or their agents pursuant to fully insured health insurance plans in violation of New York State General Obligations Law Section 5-335 ('NY GOL § 5-335'), (ii)

3

all persons against who[m] Defendants and/or their agents have, pursuant to fully insured health insurance plans, wrongfully asserted and continue to assert liens and/or rights of subrogation and/or reimbursement from settled cases and/or claims covered by NY GOL § 5-335, and (iii) "all persons covered by a fully insured health insurance policy with respect to any personal injury, medical, dental, or podiatric malpractice, wrongful death or other similar cases or claims arising and/or pending in New York." (Compl. ¶ 29.)

## II.     This Action Arises Under the Laws of the United States

11.     Federal district courts have original jurisdiction of all civil actions arising under the laws of the United States, including ERISA. 28 U.S.C. § 1331; ERISA § 502(f), 29 U.S.C. § 1132(f). Moreover, removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Arditi v. Lighthouse Int'l*, ---F.3d---, No. 11-423, 2012 WL 400706 at *2 (2d Cir. Feb. 9, 2012).

12.     As explained below, this Action could have been brought in federal court as an action for benefits due under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); *see Levine v. United HealthCare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005); *Arditi*, 2012 WL 400706 at *3 (§ 502(a)(1)(B) "provides participants or beneficiaries with a civil remedy to recover benefits due under their plans, to enforce rights under their plans, or to clarify rights to future benefits under their plans").

13.     ERISA's civil enforcement mechanism, which includes § 502(a)(1)(B), "is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim", making it removable to federal court. *Davila*, 541 U.S. at 209.

4

14. Accordingly, the Action arises under the laws of the United States, specifically ERISA, 29 U.S.C. §§ 1001, *et. seq.*, and may be removed to this Court pursuant to 28 U.S.C. §§ 1441, *et. seq.*

## A. Complete Preemption Under ERISA

15. A federal court has original jurisdiction where Congress has "so completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). A plaintiff may not avoid removal "by declining to plead necessary federal questions." *Arditi*, 2012 WL 400706 at *3.

16. "Certain federal laws, . . . including ERISA, so sweepingly occupy a field of regulatory interest that any claim brought within that field, however stated in the complaint, is in essence a federal claim. In such cases, the doctrine of complete preemption provides federal jurisdiction and allows removal to federal court." *Levine*, 402 F.3d at 162, *citing Taylor*, 481 U.S. at 63-64.

17. "Congress enacted ERISA to 'protect . . . the interests of participants in employee benefit plans and their beneficiaries' by setting out substantive regulatory requirements for employee benefit plans and to 'provide for appropriate remedies, sanctions, and ready access to the Federal courts." *Davila*, 542 U.S. at 208.

18. ERISA's "comprehensive legislative scheme" and "integrated enforcement mechanism, in ERISA § 502(a), 29 U.S.C. 1132(a), is a distinctive feature of ERISA, and essential to accomplish Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *Davila*, 541 U.S. at 208.

19. Under ERISA's civil enforcement provisions, a plan participant or beneficiary may sue to recover benefits due and seek relief in "the form of accrued benefits due, a declaratory judgment on entitlement to benefits, or an injunction against a plan administrator's improper refusal to pay benefits." *Pilot Life,* 481 U.S. at 53; ERISA § 502(a)(1)(B), (a)(3), 29 U.S.C. § 1132(a)(1)(B), (a)(3). ERISA also provides a right of action for fiduciary breaches, recovery of losses to plans, removal of breaching fiduciaries and injunctive and other equitable relief. *Pilot Life,* 481 U.S. at 53; ERISA § 502(a)(2), (a)(3), 29 U.S.C. § 1132(a)(2), (a)(3).

20. "In sum, the detailed provisions of § 502(a) set forth a comprehensive civil enforcement scheme that represents a careful balancing of the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans. The policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." *Pilot Life,* 481 U.S. at 54.

21. Congress' intent in crafting ERISA's comprehensive framework for providing rights, remedies and access to federal courts "would make little sense if the remedies available to ERISA participants and beneficiaries under § 502(a) could be supplemented or supplanted by varying state laws." *Pilot Life,* 481 U.S. at 56.

22. Thus, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila,* 542 U.S. at 209.

**B.     Plaintiffs' Claims Arise Under ERISA and Are Completely Preempted**

23. Under ERISA, "[a] civil action may be brought -- (1) by a participant or

6

beneficiary -- (B) to  recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan.  ERISA § 502(a)(1)(B); 29 U.S.C. § 1132(a)(1)(B).

24.   Plaintiffs' state law claims, which seek to nullify Defendants' rights to reimbursement for medical benefits from Plaintiffs' tort recoveries, are claims to determine their benefits under ERISA § 502(a)(1)(B).  In particular, through their causes of action for a declaratory judgment and unjust enrichment, Plaintiffs seek to use New York GOL 5-335 to invalidate the reimbursement and subrogation provisions of their ERISA Plans and retain the full amount of the medical benefits provided to them, notwithstanding their tort recoveries.

25.   The Third Circuit's decision in *Levine v. United HealthCare Corporation*, 402 F.3d 156 (3d Cir. 2005), is particularly instructive on this issue.

26.   In *Levine*, the plaintiff insureds paid the defendant insurers certain amounts received from third party recoveries to satisfy the insureds' claims for reimbursement.  *Levine,* 402 F.3d at 159-60.  The plaintiffs then brought unjust enrichment claims in a series of state court lawsuits, including ; *Carducci v. Aetna U.S. Healthcare*, 204 F.Supp.2d 796 (D.N.J. 2002), alleging that the insurers violated New Jersey's anti-subrogation statute. *Levine,* 402 F.3d at 160.  The insurers, after consolidating *Carducci* and the other actions, removed them to federal court.  *Id.*

27.   The *Levine/Carducci* insureds moved to remand and the question before the district court was "whether the monies plaintiffs now seek, that is the monies paid back to the defendants from plaintiffs' tort recoveries pursuant to the subrogation provisions in their ERISA plans, are 'benefits due' under those plans, within the meaning of [ERISA] Section 502(a)(1)(B) [29 U.S.C. 1132(a)(1)(B)." *Carducci*, 204 F.Supp.2d at 797.  The district court

denied remand and found removal was proper: "Because this Court finds that plaintiffs' claims seek to recoup a benefit due under the plan (that is the entire benefit amount paid as opposed to the benefit minus the subrogation loan), the Court holds that plaintiffs' claims are completely preempted under Section 502(a)(1)(B), and that removal was proper." *Id.* at 803-04.

28.    The Third Circuit affirmed the district court's decision, concluding that "[w]here, as here, plaintiffs claim that their ERISA plan wrongfully sought reimbursement of previously paid health benefits, the claim is for 'benefits due' and federal jurisdiction under section 502(a) of ERISA is appropriate." *Levine,* 402 F.3d at 163; *see also  Singh v. Prudential Health Care Plan, Inc.,* 335 F.3d 278, 291 (4th Cir. 2003) ("for purposes of complete preemption under § 502(a), a claimant who is denied a benefit is no different than a claimant who is faced with an invoice from the insurer for the return of a benefit paid or a claimant who has paid such an invoice").

29.    The fact that Burnovski has not yet paid the claim or lien does nothing to diminish the ERISA nature of her claims.  Courts addressing similar circumstances have reached the same conclusion as *Levine. See Arana v. Ochsner Health Plan,* 338 F.3d 433, 438 (5th Cir. 2003) (insured's action for declaratory judgment that insurer could not obtain reimbursement was completely preempted and properly removed); *Borden,* 418 F.Supp.2d at 272 (claim that New York common law prohibits insurer's subrogation claim is completely preempted by ERISA).

30.    The claims asserted in the present Action, like those in *Levine, Singh, Arana,* and *Borden*, are completely preempted under ERISA and properly removed to this Court.

**III.    The Action is a Removable Class Action**

31.    The Judiciary Code, at 28 U.S.C. § 1453(b) provides:

> **(b) In general.**—A class action may be removed to a district court
> of the United States in accordance with section 1446 (except that
> the 1-year limitation under section 1446(b) shall not apply),
> without regard to whether any defendant is a citizen of the State in
> which the action is brought, except that such action may be
> removed by any defendant without the consent of all defendants.

32.    28 U.S.C. § 1332(d)(1)(B) provides: "[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

33.    The Action is a civil action filed as a class action under Article 9 of the New York Civil Practice Laws and Rules, the New York class action statute, which authorizes an action to be brought by one or more representative persons as a class action.

34.    The Class Action Fairness Act ("CAFA") applies to class actions with more than 100 proposed class members, minimal diversity between the parties, and at least $5 million in controversy. *See* 28 U.S.C. § 1332(d)(2), (d)(2)(A) and (d)(5)(B).

35.    Minimal diversity exists between the parties as Plaintiffs are citizens of a state different from a Defendant. Wurtz is a resident of Arkansas and Burnovski, a resident of New York. (Compl., ¶¶ 6, 7.) Even if both were citizens of New York, minimal diversity exists since UnitedHealth is both incorporated and has its principal place of business in Minnesota. (*Id.* at ¶ 10.)

36.    The proposed class consists of more than 100 members. Plaintiffs "reasonably believe[] that there are hundreds of members in the proposed Class" and assert that the class members "are so numerous that joinder of all members is impracticable." (Compl., ¶ 30.)

37.    The amount in controversy exceeds $5 million, exclusive of interest and costs. Plaintiffs seek to represent not only Oxford's insureds, but "all persons covered by a fully insured health insurance policy with respect to any personal injury, medical, dental, or podiatric malpractice, wrongful death or other similar cases or claims arising and/or pending in New York." (Compl., ¶ 29.) This proposed class includes not only New York residents, but also individuals, like Wurtz, who live outside the state but were injured in New York or who were injured elsewhere and sue a defendant located in New York.

38.    Defendant Rawlings has handled subrogation and reimbursement claims totaling more than $5 million with respect to New York insureds covered by fully insured plans since the adoption of NY GOL § 5-335.

39.    In addition to the money damages sought from Defendants, Plaintiffs also seek permanent injunctive relief against pending and future efforts by Defendants. The requested relief therefore extends into the future and encompasses future claims of potentially hundreds of thousands of New Yorkers and other insureds covered by fully insured health insurance policies. The Complaint further demands punitive damages and attorneys' fees. (Compl., prayer for relief.)

40.    The value of all such relief demanded can reasonably be expected to exceed $5 million, exclusive of interest and costs. *See Scherer v. Equitable Life Assurance Soc.*, 347 F.3d 394, 397 (2d Cir. 2003) (defendants' "hardly onerous" burden is to show that "it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount").

41.    No exception to CAFA removal is applicable.

## PROCEDURAL MATTERS

42.    This Notice of Removal is timely filed with this Court pursuant to 28 U.S.C. § 1446(b), having been filed within 30 days of the commencement of the Action.

43.    The venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of New York embraces the judicial circuit which includes the New York County Supreme Court, Nassau County, where the state court action has been pending.

44.    No Act of Congress prohibits the removal of this cause, and the cause is removable under 28 U.S.C. §§ 1441-1453.

45.    Immediately upon the filing of this Notice of Removal, Defendants will give written notice to Plaintiffs' attorneys of the removal of this case and will file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Nassau, pursuant to 28 U.S.C. § 1446(d).

46.    Counsel for all Defendants confirm that they consent to removal.

47.    Defendants have served by mail a copy of this notice on Plaintiffs' counsel.

48.    This notice has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION

**WHEREFORE,** Defendants file this notice to remove the action, now pending in the Supreme Court of the State of New York for the County of Nassau, Case No. 12-001459, from that court to this Court, and request that this action proceed in this Court as an action properly removed to it.

11

Dated: March 9, 2012
     New York, New York

**O'MELVENY & MYERS LLP**

By _____

Charles E. Bachman

Times Square Tower
7 Times Square
New York, New York 10036
(212) 326-2000
(212) 326-2061 (fax)

*Attorneys for Defendants*
*Oxford Health Plans (NY), Inc. and*
*UnitedHealth Group, Incorporated*

**LOWEY, DANNENBERG, COHEN
& HART, P.C.**

By _____

Richard W. Cohen
Gerald Lawrence
White Plains Plaza
One North Broadway, Suite 509
White Plains, NY 10601-2310
Telephone:   (914) 733-7221
Facsimile:   (914) 997-0035

*Attorneys for Defendants*
*The Rawlings Company LLC*

12

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------x
MEGHAN WURTZ and MINDY              :        Index No.
BURNOVSKI, individually and on behalf   :
of all others similarly situated,        :        **CLASS ACTION**
                                          :
                          Plaintiffs,     :        **SUMMONS**
            v.                            :
                                          :
THE RAWLINGS COMPANY, LLC,              :
OXFORD HEALTH PLANS (NY), INC.,         :
UNITEDHEALTH GROUP, INCORPORATED,       :
                                          :
                          Defendants.     :
------------------------------------------------------------------x

To the above named Defendant(s):

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the plaintiff's attorney within 20 days after the service of
this summons, exclusive of the day of service (or within 30 days after the service is
complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or otherwise answer, judgment will be taken
against you by default for the relief demanded in the complaint. Nassau County is
designated as the place of trial pursuant to CPLR §503(a).

Dated: Lake Success, New York
         February 2, 2012

                                 Yours, etc.,

                                 **HACH ROSE SCHIRRIPA &
                                 CHEVERIE, LLP**
                                 Michael A. Rose, Esq.
                                 Frank R. Schirripa, Esq.
                                 David Cheverie, Esq.
                                 185 Madison Avenue, 14th Floor
                                 New York, New York 10016
                                 Telephone: (212) 213-8311
                                 Facsimile (212) 779-0028

                                         -and-

FRIEDMAN HARFENIST KRAUT &
PERLSTEIN LLP

Steven J. Harfenist, Esq.
Neil Torczyner, Esq.
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
Telephone: (516) 355-9600
Facsimile:  (516) 355-9601


*Attorneys for Plaintiffs and Lead*
*Counsel for Proposed Class*


To:   THE RAWLING COMPANY
      One Eden Parkway
      Lagrange, KY 40031

      OXFORD HEALTH PLANS (NY), INC.
      136-02 Roosevelt Avenue
      Flushing, NY 11354-4124

      UNITEDHEALTH GROUP, INCORPORATED
      9900 Bren Road East
      Minnetonka, MN 55343

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------X

MEGHAN WURTZ and MINDY : Index No.
BURNOVSKI, individually and on behalf :
of all others similarly situated, : **CLASS ACTION**
                                     :
                        Plaintiffs, : **COMPLAINT**
         v.                          :
                                     :
THE RAWLINGS COMPANY, LLC, : **JURY TRIAL**
OXFORD HEALTH PLANS (NY), INC., : **DEMANDED**
UNITEDHEALTH GROUP, INCORPORATED, :
                                     :
                        Defendants. :

-----------------------------------------------------------------X

Plaintiffs, Meghan Wurtz and Mindy Burnovski, individually and on behalf of all

other persons similarly situated, by their attorneys, Hach Rose Schirripa & Cheverie LLP

and Friedman Harfenist Kraut & Perlstein LLP, allege the following for their class action

complaint against Defendants.

## PRELIMINARY STATMENT

1.      The instant class action, seeking declaratory and monetary relief as a result

of the Defendants' improper enforcement of invalid contractual liens on personal injury

settlements, is brought on behalf of: (i) all persons who have paid monies to Defendants

and/or their agents pursuant to fully insured health plans in violation of New York State

General Obligation Law §5-335 ("NY GOL §5-335"), (ii) all persons against who

Defendants and/or their agents have, pursuant to their fully insured health plans

wrongfully asserted and continue to assert liens and/or rights of subrogation and/or

reimbursement from settled cases and/or claims covered by NY GOL §5-335, and (iii) all

persons covered by a fully insured health plan with respect to any personal injury,

1

medical dental or podiatric malpractice, wrongful death cases or claims arising and/or pending in New York.

2.   Because the Defendants' enforcement and attempted enforcement of the liens violates New York General Obligations Law § 5-335, the plaintiff is entitled to a judgment declaring the contractual liens invalid and a monetary award reimbursing all payments.

## JURISDICTION AND VENUE

3.   This Court has personal jurisdiction over this action because all defendants conduct and transact business within this county and the state of New York.

4.   This Court has subject matter of this action because the claims arise under and pursuant to alleged violations of New York statutory law, *i.e.*, NY GOL §5-335, and NY GBL §349.

5.   Venue is proper in this county because many of the events or omissions giving rise to the claims alleged herein occurred in this county.  In addition, Plaintiff Burnovski is a resident of this county.

## PARTIES

6.   Plaintiff Meghan Wurtz is a resident of Little Rock, Arkansas.   On or about December 9, 2008, Meghan Wurtz commenced a lawsuit in the Supreme Court of the State of New York, County of New York, *under Index Number* 117091/08 which sought to recover for personal injuries and damages sustained as a result of a April 4, 2008 accident.  As a result of the personal injuries that Plaintiff Wurtz sustained in her accident, Ms. Wurtz received medical benefits through her fully insured United Healthcare Oxford Insurance health plan called Freedom Plan Metro Access.  While

2

litigation was pending, on or about October 28, 2011, Plaintiff Meghan Wurtz settled her personal injury action. Defendant Rawlings, as agent for Defendant Oxford Health Plans (NY), has asserted a assert a lien under Defendant Oxford Health Plans (NY) fully insured Freedom Plan Metro Access insurance plan to recover from Plaintiff Sylvia Potts, medical expenses in the sum of $1,316.87, in violation of NY GOL §5-335. On or about January 10, 2012, Plaintiff Meghan Wurtz paid Defendant The Rawlings Company, LLC, as an agent for Defendant United Healthcare Oxford Health Plan (NY), $1,316.87 to release its lien. The lien Claimed by the Defendant The Rawlings Company, LLC and United Healthcare Oxford Health Care Plan (NY) is invalid as a matter of law in violation of NY GOL §5-335.

7.     Plaintiff Mindy Burnovski is a resident of Long Beach, New York. On or about July 23, 2009, Mindy Burnovski commenced a lawsuit in the Supreme Court of the State of New York, County of Nassau, under Index Number 16939/09 which sought to recover for personal injuries and damages sustained as a result of a July 5, 2008 motor vehicle accident. As a result of the personal injuries that Plaintiff Burnovski sustained in his accident, Ms. Burnovski received medical benefits through her fully insured United Healthcare Oxford Insurance plan called Oxford Exclusive Plan Metro, also called the Oxford Freedom EPO Plan. Defendant Rawlings, as agent for Defendant Oxford Health Plans (NY), Inc., has asserted and continues to assert a lien under Defendant Oxford Health Plans' fully insured Freedom EPO Plan, and presently seeks to recover from Plaintiff Mindy Burnovski medical expenses in the sum of $78,991.48 in violation of NY GOL §5-335.

8.     Defendant The Rawlings Company, LLC ("Rawlings") is, according to

3

their website, a "recognized leader in the healthcare subrogation services field." The Rawlings Company claims to be "the first," "the largest," and to have "process[ed] more claims and recover[ed] more money for [its] clients than any other company in this field." Defendant Rawlings's subrogation division maintains its principal place of business at One Eden Parkway, LaGrange, Kentucky 40031.

9.     Defendants enumerated in paragraph 15 above is referred to as the "Collection Agency Defendants."

10.     Defendant UnitedHealth Group Incorporated ("UnitedHealth Group") is, according to its website, "a leader in the health benefits and services industry" and through its "six businesses — UnitedHealthcare Employer & Individual, UnitedHealthcare Medicare & Retirement, UnitedHealthcare Community & State, OptumHealth, OptumInsight, and OptumRx — offer exceptional service, broad capabilities and enduring value in creating a modern health care system." Defendant UnitedHealth Group is incorporated in the State of Minnesota with its headquarters and principal place of business is located at UnitedHealth Group Center, 9900 Bren Road East, Minnetonka, MN 55343.

11.     Defendant Oxford Health Plans (NY), Inc. ("Oxford") is a health insurance company that provides health insurance benefit plans. In 2004 Oxford merged with UnitedHealthcare.   UnitedHealthcare is an operating division of Defendant UnitedHealth Group. Defendant Oxford is a "benefit provider" as defined by NY GOL §5-101(4).   Defendant Oxford is incorporated in the State of New York with its headquarters and principal place of business is located at 48 Monroe Turnpike, Trumbull, Connecticut 06611. Defendant Oxford maintains offices in this county at One Penn

4

Plaza, 8th Floor, New York, New York 10119.

12.    Defendants enumerated in paragraphs 17 and 18 above are collectively referred to as the "Health Insurance Company Defendants."

## FACTUAL BACKGROUND

### A. New York's Anti-Subrogation Statute

13.    On November 10, 2009, both the New York State Senate and Assembly passed Senate Bill S66002 -- commonly referred to as the Anti-Subrogation Law. The Bill was signed by Governor Paterson, and became effective, on November 12, 2009.

14.    Specifically, Senate Bill S66002 amended New York's General Obligations Law by adding a new section, §5-335, which states as follows:

§5-335.  Limitation of Non-statutory Reimbursement and Subrogation Claims in Personal Injury and Wrongful Death Actions.

(a)    When a plaintiff settles with one or more defendants in an action for personal injuries, medical, dental, or podiatric malpractice, or wrongful death, it shall be conclusively presumed that the settlement does not include any compensation for the cost of health care services, loss of earnings or other economic loss to the extent those losses or expenses have been or are obligated to be paid or reimbursed by a benefit provider, except for those payments as to which there is a statutory right of reimbursement. By entering into any such settlement, a plaintiff shall not be deemed to have taken an action in derogation of any nonstatutory right of any benefit provider that paid or is obligated to pay those losses or expenses; nor shall a plaintiff's entry into such settlement constitute a violation of any contract between the plaintiff and such benefit provider.

Except where there is a statutory right of reimbursement, no party entering into such a settlement shall be subject to a subrogation claim or claim for reimbursement by a benefit provider and a benefit provider shall have no lien or right of subrogation or reimbursement against any such settling party, with respect to those losses or expenses that have been or are obligated to be paid or reimbursed by said benefit provider.

15.    Pursuant to NY GOL §5-335, any clause in any health insurance policy or contract which gave the benefit provider a lien or right of subrogation or reimbursement

5

against the settling party, with respect to medical expenses that have been paid or that were obligated to be paid/reimbursed by the benefit provider was now void.

16.    NY GOL §5-335 is limited to non-statutory reimbursement and subrogation claims in personal injury, medical, dental, or podiatric malpractice, and wrongful death actions, and, as to such actions, only insurers or entities qualifying as a "benefit provider" are affected.

17.    A "benefit provider" is defined by NY GOL §5-101(4) as "any insurers, health maintenance organization, health benefit plan, preferred provider organization, employee benefit plan or other entity which provides for payment or reimbursement of health care expenses, health care services, disability payments, lost wage payments or any other entity which provides for payment or reimbursement of health care expenses, health care services, disability payments, lost wage payments or any other benefits under a policy of insurance or contract with an individual or group."

**B. Defendants' Blatant Disregard for New York's Anti-Subrogation Law**

18.    Since the enactment of NY GOL §5-335, Defendant Rawlings has mailed and/or faxed no less than two letters to Plaintiff Wurtz' counsel representing her in her personal injury action asserting and seeking to collect on lien and/or right of subrogation and/or right of reimbursement as an agent for a fully insured private health insurance company Defendant United Healthcare Oxford Health Plan (NY).

19.    On October 28, 2011, Plaintiff Wurtz notified Defendant Rawlings by letter that Plaintiff Wurtz's personal injury action had been settled. On October 28, 2011, Defendant Rawlings replied by letter to Plaintiff Wurtz letter maintaining its position that the lien was valid and annexed Rawlings company-wide November 2009 position

6

statement. Approximately one year and 13 months *after* NY GOL §5-335 took effect,

Defendant Rawlings continued to assert a lien on medical benefits Plaintiff Meghan

Wurtz received under a fully insured Oxford Health Plan. In a letter to Plaintiff Potts'

counsel representing her in her personal injury action, Defendant Rawlings stated in

addition to the position statement as follows:

> This letter shall serve as notice that our client has a claim/lien for medical benefits
> paid on behalf of the patient for the above-referenced loss.  These medical
> expenses were paid pursuant to an ERISA plan governed by federal law.  There
> are differing legal viewpoints regarding the application of New York law
> CPLR§4545 and General Obligations Law 5-335 as amended by Governor's
> Program Bill 95/S66002 effective November 12, 2009.  This claim/lien applies to
> any amount now due or which may hereafter become payable out of a recovery
> collected or to be collected, whether by judgment, settlement, or compromise,
> from any party hereby notified.  No settlement of any claim should be made prior
> to notifying our office of the potential settlement and reaching an agreement for
> satisfaction of our client's interest.

20.     On or about January 10, 2012, Plaintiff Meghan Wurtz paid Defendant

The Rawlings Company, LLC, as an agent for Defendant United Healthcare Oxford

Health Plan (NY), $1,316.87 to release its lien.

21.     On November 30, 2011, Defendant Rawlings sent the identical letter

referenced in paragraph 28 to Plaintiff Mindy Bunovski.

22.     Defendant Rawlings' statements regarding the enforcement of the lien

were false and misleading, and indeed contrary to the plain language of NY GOL 5-335,

which expressly provides that "no party entering into such a settlement shall be subject to

a subrogation claim or claim for reimbursement by a benefit provider and a benefit

provider shall have no lien or right of subrogation or reimbursement against any such

settling party...."

7

23.    The lien asserted by Defendant Rawlings, as agent for a fully insured health plan Defendant Oxford, against Plaintiff Meghan Wurtz and Mindy Burnovski is immaterial as a matter of law.  As such, any payment made by Plaintiff Wurtz, Plaintiff Burnovski, or any other Class members to Defendants Rawlings or Oxford is without consideration.

24.    Contrary NY GOL §5-335, Defendant Rawlings issued a company-wide statement in or about November 2009 that maintained the company's position that lien and/or right of subrogation for all insurance health plans is valid and enforceable against Plaintiffs and other similarly situated Class members.

25.    The Collection Agency Defendants have asserted and continue to assert liens against other plaintiffs and/or claimants that have settled New York lawsuits and/or claims, by wrongfully alleging liens and/or rights of subrogation and/or rights of reimbursement of fully insured health plans in violation of NY GOL §5-335.

26.    The Collection Agency Defendants have fraudulently, deceptively, unlawfully and wrongfully collected monies from plaintiffs and/or claimants that have settled New York lawsuits and/or claims, by wrongfully alleging liens and/or rights of subrogation and/or rights of reimbursement in violation of NY GOL §5-335.

27.    The fully insured Health Insurance Company Defendants have asserted and continue to assert liens against other plaintiffs and/or claimants that have settled New York lawsuits and/or claims, by wrongfully alleging liens and/or rights of subrogation and/or rights of reimbursement in violation of NY GOL §5-335.

28.    The fully insured Health Insurance Company Defendants have fraudulently, deceptively, unlawfully and wrongfully collected monies from plaintiffs

8

and/or claimants that have settled New York lawsuits and/or claims, by wrongfully alleging liens and/or rights of subrogation and/or rights of reimbursement in violation of NY GOL §5-335.

## CLASS ACTION ALLEGATIONS

29.    Plaintiffs bring this action as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules ("CPLR") on behalf (i) all persons who have paid monies to Defendants and/or their agents pursuant to fully insured health insurance plans in violation of New York State General Obligation Law §5-335 ("NY GOL §5-335"), (ii) all persons against who Defendants and/or their agents have, pursuant to their fully insured health insurance plans, wrongfully asserted and continue to assert liens and/or rights of subrogation and/or reimbursement from settled cases and/or claims covered by NY GOL §5-335, and (iii) all persons covered by a fully insured health insurance policy with respect to any personal injury, medical, dental, or podiatric malpractice, wrongful death or similar cases or claims arising and/or pending in New York.  Excluded from the Class are Defendants, the officers and directors of the Defendants, at all relevant times, members of their immediate families, their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

30.    The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is presently unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs reasonably believes that there are hundreds of members in the proposed Class. Record owners and other members of the Class may be identified from records

9

maintained by Defendants and may be notified of the pendency of this action by mail, or

the internet or publication using the form of notice similar to that customarily used in

class actions.

    31.    Plaintiff's claims are typical of the claims of the members of the Class as

all members of the Class are similarly affected by Defendants' wrongful conduct in

violation of statutory and common law complained of herein.

    32.    Common questions of law and fact exist as to all members of the Class

and predominate over any questions solely affecting individual members of the Class.

Among the questions of law and fact common to the Class are:

    (a)    whether New York General Obligations Law §5-335 was violated

by Defendants practice of collecting and/or asserting liens and/or rights of subrogation

and/or reimbursement from pending cases, claims and/or settlements;

    (b)    whether New York General Business Law §349 was violated by

Defendants' practice of collecting and/or asserting liens and/or rights of subrogation

and/or reimbursement from pending cases, claims and/or settlements in violation of New

York General Obligation Law §5-335;

    (c)    whether Defendants' acts complained of herein unjustly enriched

Defendants;

    (d)    whether the Class is entitled to injunctive or declaratory relief; and

    (e)    whether Plaintiff and other Class members have sustained

monetary damages as a result of Defendants' actions alleged herein, and if so what is the

proper measure of damages.

33.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

34.    Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs are willing and prepared to serve the proposed Class in a representative capacity with all the obligations and duties material thereto.

35.    Plaintiffs have no interests adverse to or which directly and irrevocably conflict with the interests of other members of the Class. Plaintiffs' interests are co-extensive with, and not antagonistic to, those of the absent Class members. Plaintiffs will undertake to represent and protect the interests of absent class members.

36.    Plaintiffs have engaged the services of the undersigned counsel, Hach Rose Schirripa & Cheverie LLP and Friedman Harfenist Kraut & Perlstein LLP. Counsel are competent and experienced in complex class action litigation, will adequately prosecute this action, and will assert and protect the rights of, and otherwise represent, the named Plaintiffs and absent Class members.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Declaratory Judgment)

37.    Plaintiffs, individually and on behalf of all others similarly situated, repeat, reiterate and reallege each and every allegation in this Complaint in each of the foregoing paragraphs inclusive, with the same force and effects as if fully set forth herein.

38.    Under New York GOL §5-335 prohibits the enforcement of contractual

11

liens against personal injury settlements. In contravention to such prohibition, the Defendants have attempted to enforce such liens.

39.    The Health Insurance Company Defendants have no right to assert and/or collect any liens and/or rights of subrogation and/or rights of reimbursement under fully funded health insurance plans against other plaintiffs and/or claimants that have settled personal injury, medical, dental, podiatric malpractice, or wrongful death cases or claims arising and/or pending in New York.

40.    The Collection Agency Defendant, as agents for the Health Insurance Company Defendants, have no right to assert and/or collect any liens and/or rights of subrogation and/or rights of reimbursement under fully funded health insurance plans against other plaintiffs and/or claimants that have settled personal injury, medical, dental, podiatric malpractice, or wrongful death cases or claims arising and/or pending in New York.

41.    Accordingly, Plaintiffs request a judgment pursuant to the Declaratory Judgment provisions of NY CPLR Section 3001, declaring that:

(a)    The Health Insurance Company Defendants, "benefit providers" as defined by NY GOL §5-101(4), do not have a right to assert and/or collect on any lien and/or right of subrogation and/or right of reimbursement under fully insured health insurance plans against other plaintiffs and/or claimants that have settled personal injury, medical, dental, podiatric malpractice, or wrongful death cases or claims arising and/or pending in New York; and

(b)    the Collection Agency Defendants, as agents for the Health Insurance Company Defendants, "benefit providers" as defined by NY GOL §5-101(4), do not have a right to assert and/or collect on any lien and/or right of subrogation and/or right of reimbursement under fully insured health insurance plans against other plaintiffs and/or claimants that have settled personal injury, medical, dental, podiatric malpractice, or wrongful death cases or claims arising and/or pending in New York.

12

## AS AND FOR A SECOND CAUSE OF ACTION

### (Violation of the New York General Business Law § 349)

42.     Plaintiffs, individually and on behalf of all others similarly situated, repeat, reiterate and reallege each and every allegation in this Complaint in each of the foregoing paragraphs inclusive, with the same force and effects as if fully set forth herein.

43.     Section 349 of the New York's General Business Law states:

Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.

44.     Defendants' deceptive acts and practices whereby Defendants falsely represented to Plaintiffs and similarly situated Class members that, Plaintiffs and other Class members were obligated to pay liens under fully insured health insurance plans. Defendants disseminated false and misleading statements to Plaintiffs and other Class members in furtherance of Defendants' scheme to assert and collect liens under fully insured health insurance plans against other plaintiffs and/or claimants that have settled New York lawsuits and/or claims in violation of NY GOL §5-335.

45.     Defendants' deceptive acts and practices have enabled Defendants to collect hundreds of millions of dollars in fully insured health insurance liens that they were not entitled to enforce or collect following the enactment of NY GOL 5-335.

46.     Defendants' conduct and actions, as described above, constitute deceptive business practices in violation of the GBL.

47.     The damages sustained by Plaintiffs and the other Class members were a direct and foreseeable result of, and were proximately caused by Defendants' deceptive business practices.

13

48.    As a result of Defendants' actions, Plaintiffs and other Class members have been injured and damaged in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Unjust Enrichment)

49.    Plaintiffs, individually and on behalf of all others similarly situated, repeat, reiterate and reallege each and every allegation in this Complaint in each of the foregoing paragraphs inclusive, with the same force and effects as if fully set forth herein.

50.    Defendants benefited from its unlawful acts, misrepresentations and omissions to Plaintiffs and the other Class members as alleged herein. These unlawful acts, misrepresentations and omissions caused Plaintiffs and other Class members to suffer injury and monetary loss.

51.    Defendants have been, and continue to be, unjustly enriched at the expense of and to the detriment of Plaintiffs and each member of the Class through the assertion and collection of fully insured health plan liens which are invalid as a matter of law.

52.    Equity and good conscience require that Defendants disgorge all such unjust gains and that Defendants should pay amounts by which it was unjustly enriched to Plaintiffs and the Class in an amount to be determined at trial.

53.    Plaintiffs and the Class seek restitution from Defendants, and seek an order of this Court disgorging all profits, benefits and other such compensation obtained by Defendants through its wrongful conduct.

54.    Plaintiffs and the Class are entitled to the establishment of a constructive trust impressed upon the benefits derived by Defendants from its unjust enrichment and inequitable conduct.

14

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

A.      Determining that this action is a proper class action, certifying the named Plaintiffs as class representatives for the specified class alleged herein under CPLR Article 9 and Plaintiffs' counsel as Class Counsel;

B.      Granting such preliminary and permanent equitable relief, including enjoining Defendants' actions complained of herein, the imposition of a constructive trust, as is appropriate to preserve the assets wrongfully taken from Plaintiffs and the Class;

C.      Awarding, on Plaintiffs' and the Class' NY GBL §349 claims, compensatory damages, and enhancement of damages Plaintiffs and Class members have sustained as a result of Defendants' conduct as may be permitted under the relevant statutes, such amount to be determined at trial, plus Plaintiffs' cost in this suit, including reasonable attorney's fees;

D.      Awarding, on Plaintiffs' and the Class' claims for unjust enrichment, recovery in the amount of that Defendants' collected from fully insured health plan liens that were unlawfully enforced and collected upon in violation of NY GOL §5-335, such amounts to be determined at trial, plus Plaintiffs' cost in this suit, including reasonable attorney's fees;

F.      Seeking disgorgement and restitution of all of any and all monies Defendants realized as a result of its unlawful acts, omissions and practices;

G.     Awarding punitive damages for each claim to the maximum extent available under the law on account of the outrageous nature of Defendants' willful and wanton disregard for the rights of the Plaintiffs and the Class;

H.     Awarding Plaintiffs and the Class their reasonable costs and expenses incurred in this action, including interest, counsel fees and expert fees; and

I.     Such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury.

DATED:  New York, New York
        February 2, 2012

                              HACH ROSE SCHIRRIPA &
                              CHEVERIE, LLP
                              Michael A. Rose, Esq.
                              Frank R. Schirripa, Esq.
                              David Cheverie, Esq.
                              185 Madison Avenue, 14th Floor
                              New York, New York 10016
                              Telephone: (212) 213-8311
                              Facsimile (212) 779-0028

                                      -and-

                              FRIEDMAN HARFENIST
                              KRAUT & PERLSTEIN LLP


                              Steven J. Harfenist, Esq.
                              Neil Torczyner, Esq.
                              3000 Marcus Avenue, Suite 2E1
                              Lake Success, New York 11042
                              Telephone:  (516) 355-9600
                              Facsimile:  (516) 355-9601


                              *Attorneys for Plaintiffs and Lead
                              Counsel for Proposed Class*

16

Index No:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

MEGHAN WURTZ and MINDY
BURNOVSKI, individually and on behalf
of all others similarly situated,

                                    Plaintiffs,

              -against-

THE RAWLINGS COMPANY, LLC,
OXFORD HEALTH PLANS (NY), INC.,
UNITEDHEALTH GROUP, INCORPORATED,

                                    Defendants.

---

### SUMMONS and COMPLAINT

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

*Dated: Lake Success, N.Y.*
*February 2, 2012*

                                    Steven J. Harfenist

---

**FRIEDMAN HARFENIST KRAUT & PERLSTEIN**
Attorneys for Plaintiffs
3000 Marcus Ave. Suite 2E1
Lake Success, New York 11042
Telephone: (516) 355-9600
Fax: (516) 355-9601

COUNTY CLERK OF
NASSAU COUNTY
FEB 03 2012
NASSAU INDEX #:
FILED

12--001459