UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGHAN WURTZ and MINDY BURNOVSKI, Individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>    v.<br><br>THE RAWLINGS COMPANY, LLC, OXFORD HEALTH PLANS (NY), INC., and UNITEDHEALTH GROUP, INC.,<br><br>                  Defendants. | Civil Action No. 12-1182 (JFB) (AKT) |

**DEFENDANTS OXFORD HEALTH PLANS (NY), INC.'S & UNITEDHEALTH GROUP, INC.'S ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendants Oxford Health Plans (NY), Inc. ("Oxford") and UnitedHealth Group, Inc. (collectively "the United Defendants"), submit this Answer to Plaintiffs' Class Action Complaint ("Complaint") pursuant to Rules 7, 8, and 15 of the Federal Rules of Civil Procedure. Unless specifically admitted, the United Defendants deny all the allegations in the numbered paragraphs of the Complaint. To the extent Plaintiffs have included headings or impertinent material, no response is necessary. To the extent any headings or inappropriate material are deemed to require a response, the United Defendants deny them. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Complaint to which no responsive pleading is required shall be deemed as denied. The United Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may be necessary.

**PRELIMINARY STATEMENT**

1.     The United Defendants admit that Plaintiffs purport to assert claims under New

York State General Obligation Law § 5-335 ("NY GOL § 5-335"), on behalf of (1) a class of individuals who have paid monies to Defendants and/or their agents pursuant to fully insured health plans, (2) all persons against whom Defendants have asserted rights of reimbursement from settled cases, and (3) all persons covered by a fully insured health plan with respect to any personal injury cases arising and/or pending in New York, but deny that Plaintiffs have stated a claim for relief. Except as so stated, the United Defendants deny the remaining allegations in paragraph 1.

2. Paragraph 2 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Oxford admits that it does business within this district and in the state of New York. UnitedHealth Group, Inc. denies the allegation that it does business in this district or in the state of New York. The United Defendants deny all other allegations in paragraph 3.

4. Paragraph 4 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants respond that Plaintiffs' claims under NY GOL § 5-335 and New York General Business Law § 349 ("NY GBL § 349") are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§ 502(a) and 514(a). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). The United Defendants deny the remaining allegations of paragraph 4.

5. Paragraph 5 of the Complaint asserts legal conclusions to which no response is

required. To the extent a response is required, the United Defendants lack sufficient information to form a belief as to the truth of the allegation that "many of the events or omissions giving rise to the claims alleged herein occurred in this county" or whether Plaintiff Mindy Burnovski ("Burnovski") is a current resident of this county and on that basis deny those allegations. The United Defendants deny all remaining allegations of paragraph 5.

## PARTIES

6. To the extent that paragraph 6 of the Complaint asserts legal conclusions, no response is required. The United Defendants admit that Plaintiff Meghan Wurtz ("Wurtz") was insured under a United Healthcare Oxford Insurance health plan named Freedom Plan Metro Access, and that The Rawlings Company, LLC ("Rawlings") was a collection agent for Oxford. The United Defendants admit that Plaintiff Wurtz paid Rawlings the sum of $1,316.87 on or about January 10, 2012. Except as so stated, the United Defendants lack sufficient information to form a belief as to the truth of the remaining allegations of paragraph 6, and on that basis deny the same.

7. To the extent that paragraph 7 of the Complaint asserts legal conclusions, no response is required. Oxford denies that Plaintiff Burnovski was insured under a plan called "Oxford Exclusive Plan Metro, also called the Oxford Freedom EPO Plan." Except as so stated, the United Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 7, and on that basis deny the same.

8. The United Defendants admit the location of Rawlings's subrogation division. To the extent Plaintiffs purport to quote from Rawlings's website, the website is the best evidence of its contents. Except as so stated, the United Defendants deny the allegations of paragraph 8.

9. The United Defendants incorporate their response to paragraph 8 above.

10. The United Defendants admit that UnitedHealth Group, Inc. is incorporated in the State of Minnesota with its headquarters and principal place of business at 9900 Bren Road East, Minnetonka, MN 55343. To the extent Plaintiffs purport to quote from UnitedHealth Group, Inc.'s website, the website is the best evidence of its contents. Except as so stated, the United Defendants deny the allegations of paragraph 10.

11. To the extent paragraph 11 of the Complaint asserts legal conclusions, no response is required. The United Defendants admit that Oxford is a health insurance company that insures and provides administrative services to health insurance benefit plans, and that it merged with UnitedHealthcare in 2004. The United Defendants admit that Oxford is incorporated in the State of New York, that its principal place of business is located at 48 Monroe Turnpike, Trumbull, Connecticut 06611, and that it maintains an office at One Penn Plaza, 8th Floor, New York, New York 10119. The United Defendants deny the allegation that Oxford is a "benefit provider" under § 5-101(4), as that statute was amended in 2013 and no longer contains the phrase "benefit provider." Except as so stated, the United Defendants deny the remaining allegations of paragraph 11.

12. The United Defendants incorporate their responses to paragraphs 10 and 11 above.

**FACTUAL BACKGROUND**

13. The United Defendants admit that Senate Bill S66002 was passed by the New York State Senate and Assembly on November 10, 2009, and became effective on November 12, 2009. Except as so stated, the United Defendants deny the allegations of paragraph 13.

14. In response to the allegations in paragraph 14 of the Complaint, the United Defendants refer to Senate Bill S66002 as the best evidence of its own contents. Except as so

stated, the United Defendants deny the allegations of paragraph 14.

15. Paragraph 15 of the Complaint refers to the original version of NY GOL § 5-335 and asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 15. The United Defendants further state that NY GOL § 5-335 was amended on November 13, 2013. That amendment purports to be retroactive to November 12, 2009. To the extent Plaintiffs seek to rely on the amended version of the statute, NY GOL § 5-335 no longer contains the phrase "benefit provider" and the United Defendants deny the allegations of paragraph 15 on that basis. The United Defendants deny the remaining allegations of paragraph 15.

16. Paragraph 16 of the Complaint relies on the pre-2013 version of NY GOL § 5-335 and asserts legal conclusions to which no response is required. To the extent Plaintiffs purport to paraphrase NY GOL § 5-335, the United Defendants refer to the statute as the best evidence of its contents. To the extent Plaintiffs rely on the 2013 amendment to NY GOL § 5-335, the United Defendants deny the allegations on the ground that the statute does not contain the phrase "benefit provider." The United Defendants deny the remaining allegations of paragraph 16.

17. To the extent paragraph 17 of the Complaint relies on New York General Obligations Law § 5-101(4) ("NY GOL § 5-101(4)"), enacted in 2009, that statute is the best evidence of its contents. To the extent Plaintiffs purport to rely on the 2013 amendment to NY GOL § 5-101(4), Defendants deny the allegations of paragraph 17 and refer to the statute as the best evidence of its contents. The United Defendants deny the remaining allegations of paragraph 17.

18. Paragraph 18 of the Complaint is directed at Defendant Rawlings and does not require a response from the United Defendants. To the extent a response is required, the United

Defendants admit that after the enactment of NY GOL § 5-335, Rawlings mailed and/or faxed letters to counsel representing Plaintiff Wurtz in her personal injury action asserting a right to reimbursement on behalf of Oxford. Except as so stated, the United Defendants deny the allegations of paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint is directed at Defendant Rawlings and does not require a response from the United Defendants. To the extent a response is required, the United Defendants admit that Rawlings directed correspondence to Plaintiff Wurtz regarding a right to reimbursement on behalf of Oxford. Except as so stated, the United Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 19, and on that basis deny the same.

20. The United Defendants admit that Plaintiff Wurtz paid Rawlings, as Oxford's collection agent, $1,316.87 on or about January 10, 2012. Except as so stated, the United Defendants deny the allegations of paragraph 20.

21. Paragraph 21 of the Complaint is directed at Defendant Rawlings and does not require a response from the United Defendants. To the extent a response is required, the United Defendants admit that Rawlings directed correspondence to Plaintiff Burnovski regarding a right to reimbursement on behalf of Oxford. Except as so stated, the United Defendants lack sufficient information to form a belief as to the truth of the allegations of paragraph 21, and on that basis deny the same.

22. Paragraph 22 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of

paragraph 22.

24. Paragraph 23 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 23. Responding further, the United Defendants specifically deny that Plaintiff Burnovski has made any reimbursement to Rawlings or Oxford.

24. Paragraph 24 of the Complaint is directed at Defendant Rawlings and does not require a response from the United Defendants. To the extent a response is required, the United Defendants admit that, on or about November 2009, Rawlings stated that NY GOL § 5-335 was preempted by ERISA, and that rights to reimbursement of paid benefits remained enforceable after its enactment. Except as so stated, the United Defendants deny the allegations of paragraph 24.

25. Paragraph 25 of the Complaint is directed at Defendant Rawlings and does not require a response from the United Defendants. The United Defendants further state that paragraph 25 asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 25.

26. Paragraph 26 of the Complaint is directed at Defendant Rawlings and does not require a response from the United Defendants. The United Defendants further state that paragraph 26 asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 26.

27. Paragraph 27 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Oxford denies that it has asserted liens and/or rights of subrogation and/or rights of reimbursement against any individuals in violation of NY GOL § 5-335. UnitedHealth Group, Inc. answers that it is a holding company, and the

allegations in paragraph 27 of the Complaint relate to parties other than UnitedHealth Group, Inc. Therefore, UnitedHealth Group, Inc. is not in a position to admit or deny the allegations contained in paragraph 27 and on that basis denies them. To the extent a specific response is required to any of the allegations in paragraph 27 by UnitedHealth Group, Inc., or UnitedHealth Group, Inc. is deemed to have knowledge of its subsidiaries' activities, UnitedHealth Group, Inc. respectfully adopts by reference Oxford's answer.

28. Paragraph 28 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, Oxford denies all of the allegations of paragraph 28. UnitedHealth Group, Inc. answers that it is a holding company, and the allegations in paragraph 28 of the Complaint relate to parties other than UnitedHealth Group, Inc. Therefore, UnitedHealth Group, Inc. is not in a position to admit or deny the allegations contained in paragraph 28 and on that basis denies them. To the extent a specific response is required to any of the allegations in paragraph 28 by UnitedHealth Group, Inc., or UnitedHealth Group, Inc. is deemed to have knowledge of its subsidiaries' activities, UnitedHealth Group, Inc. respectfully adopts by reference Oxford's answer.

## CLASS ACTION ALLEGATIONS

29. Paragraph 29 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is necessary, the United Defendants admit that Plaintiffs purport to bring this action on behalf of purported classes, but otherwise deny the allegations of paragraph 29. Responding further, the United Defendants specifically deny that this action has any merit and further deny that the putative class is suitable for class certification.

30. Paragraph 30 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is necessary, the United Defendants state that they are without

sufficient information to form a belief as to the number of putative class members or how they may be identified or notified and on that basis deny such allegations and, further, deny the remaining allegations of paragraph 30.

31. Paragraph 31 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is necessary, the United Defendants deny the allegations of paragraph 31.

32. Paragraph 32 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is necessary, the United Defendants deny that this action has any merit, deny that any questions of law or fact are common to the putative class, and deny that the purported class is suitable for class certification.

    a. Paragraph 32(a) of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations in paragraph 32(a).

    b. Paragraph 32(b) of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations in paragraph 32(b).

    c. Paragraph 32(c) of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations in paragraph 32(c).

    d. Paragraph 32(d) of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the

allegations in paragraph 32(d).

e. Paragraph 32(e) of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations in paragraph 32(e).

33. Paragraph 33 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 33 and specifically deny that the purported class is suitable for class certification.

34. Paragraph 34 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is necessary, the United Defendants deny the allegations of paragraph 34 and specifically deny that the purported class is suitable for class certification. The United Defendants further state that Plaintiff Burnovski's claims under NY GBL § 349 and for unjust enrichment have been dismissed, making her an inadequate class representative.

35. Paragraph 35 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants state that they lack sufficient information to form a belief as to the truth of the allegations of paragraph 35 and on that basis deny the same.

36. To the extent that paragraph 36 of the Complaint asserts legal conclusions or characterizations, no response is required. To the extent a response is required, the United Defendants admit that Plaintiffs have retained Hach Rose Schirripa & Cheverie LLP and Friedman Harfenist Kraut & Perlstein LLP. Except as so admitted, the United Defendants state

that they lack sufficient information to form a belief as to the truth of the allegations of paragraph 36 and on that basis deny the same.

## FIRST CAUSE OF ACTION

37. The United Defendants incorporate by reference their responses to paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Paragraph 38 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 38.

39. Paragraph 39 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 39. Responding further, the United Defendants specifically deny that they have no right to enforce the terms of the insured plans under ERISA.

40. Paragraph 40 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 40.

41. Paragraph 41 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny that Plaintiffs are entitled to the relief they seek in paragraph 41 of the Complaint.

    a. Paragraph 41(a) asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 41(a) and specifically deny that they do not have the right to enforce the terms of the insured plans under ERISA.

    b. Paragraph 41(b) asserts legal conclusions to which no response is

required. To the extent a response is required, the United Defendants deny the allegations of paragraph 41(b) and specifically deny that they do not have the right to enforce the terms of the insured plans under ERISA.

## SECOND CAUSE OF ACTION

42. The United Defendants incorporate by reference their responses to paragraphs 1 through 41 of the Complaint as though fully set forth herein. The United Defendants further respond that Plaintiff Burnovski's claim under NY GBL § 349 has been dismissed, and therefore paragraphs 42-48 of the Complaint apply only to Plaintiff Wurtz.

43. To the extent Plaintiffs purport to quote NY GBL § 349, the United Defendants refer to the statute as the best evidence of its contents.

44. Paragraph 44 of the Complaint asserts legal conclusions and characterizations to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 44 and specifically deny that they have engaged in any deceptive acts or practices.

45. Paragraph 45 of the Complaint asserts legal conclusions and characterizations to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 45 and specifically deny that they have engaged in any deceptive acts or practices.

46. Paragraph 46 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 46 and specifically deny that they have engaged in any deceptive business practices.

47. Paragraph 47 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of

paragraph 47 and specifically deny that they have engaged in any deceptive business practices.

48. Paragraph 48 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 48 and specifically deny that Plaintiffs and putative class members are entitled to any relief.

### THIRD CAUSE OF ACTION

49. The United Defendants incorporate by reference their responses to paragraphs 1 through 48 of the Complaint as though fully set forth herein. The United Defendants further state that Plaintiff Burnovski's claim for unjust enrichment has been dismissed, and therefore paragraphs 50-54 of the Complaint apply only to Plaintiff Wurtz.

50. Paragraph 50 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 50 and specifically deny that they have engaged in any unlawful actions, made misrepresentations or omissions, caused any injury or monetary loss, or been unjustly enriched.

51. Paragraph 51 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations of paragraph 51 and specifically deny that they have been unjustly enriched.

52. Paragraph 52 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations in paragraph 52 and specifically deny that they have been unjustly enriched or that there are any unjust gains to be disgorged.

53. To the extent that paragraph 53 of the Complaint asserts legal conclusions, no response is required. To the extent a response is required, the United Defendants deny the

allegations of paragraph 53 and specifically deny that they engaged in any wrongful conduct.

54. Paragraph 54 of the Complaint asserts legal conclusions to which no response is required. To the extent a response is required, the United Defendants deny the allegations in paragraph 54 and specifically deny that Plaintiffs are entitled to a constructive trust or that they have been unjustly enriched or engaged in inequitable conduct.

## **PRAYER FOR RELIEF**

The United Defendants deny that Plaintiffs are entitled to the relief they seek in the "WHEREFORE" paragraph of the Complaint.

A. The United Defendants admit that Plaintiffs' counsel herein seek to be named Class Counsel. The United Defendants deny that this action is appropriate for class certification or that Plaintiffs are adequate class representatives. The United Defendants deny all remaining allegations in paragraph A.

B. The United Defendants deny that Plaintiffs are entitled to the relief they seek in paragraph B of the Complaint or that the United Defendants have wrongfully taken assets from Plaintiffs or the putative class.

C. The United Defendants deny that Plaintiffs are entitled to the relief they seek in paragraph C of the Complaint. The United Defendants deny any violation of NY GBL § 349. The United Defendants deny all remaining allegations in paragraph C.

D. The United Defendants deny that Plaintiffs are entitled to the relief they seek in paragraph D of the Complaint. The United Defendants deny that they engaged in any unlawful conduct. The United Defendants deny all remaining allegations in paragraph D.

F.[sic] The United Defendants deny that Plaintiffs are entitled to the relief they

seek in paragraph F of the Complaint. The United Defendants deny that they engaged in any unlawful conduct. The United Defendants deny all remaining allegations in paragraph F.

G. The United Defendants deny that Plaintiffs are entitled to the relief they seek in paragraph G of the Complaint. The United Defendants deny that they engaged in any unlawful conduct. The United Defendants deny all remaining allegations in paragraph G.

H. The United Defendants deny that Plaintiffs are entitled to the relief they seek in paragraph H of the Complaint.

I. The United Defendants deny that Plaintiffs are entitled to any relief they seek in paragraph I of the Complaint.

## JURY TRIAL DEMAND

To the extent Plaintiffs are seeking equitable relief, they are not entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to exhaust mandatory contractual administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Wurtz's claims are barred by New York's voluntary payment doctrine.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff Wurtz's claims are barred, in whole or in part, by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because New York General Obligations Law § 5-335 cannot be applied retroactively to affect benefits provided through ERISA plans negotiated prior to its enactment or amendment.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the Contracts Clause of the U.S. Constitution because New York General Obligations Law § 5-335 substantially impairs Defendants' rights under Plaintiffs' ERISA plans and the law does not serve a legitimate public purpose through reasonable and necessary means.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are preempted by §§ 502(a) and 514(a) of ERISA, 29 U.S.C. §§ 1132(a) and 1144(a).

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

The United Defendants reserve the right to assert, and hereby give notice that they intend to rely upon, any other defense that may become available or appear during discovery proceedings or otherwise in this case and hereby reserve the right to amend their Answer to assert any such defense.

WHEREFORE, the United Defendants pray that the Court determine and adjudge:

a) that this suit cannot be maintained as a class action;

b) that the Complaint be dismissed on the merits;

c) that Plaintiffs take nothing by the Complaint;

d) that Defendants be awarded their costs, attorneys' fees, and expenses incurred herein; and

e) that Defendants be awarded such other and further relief as the Court may deem proper.

Dated: October 31, 2014

Respectfully submitted,

**O'MELVENY & MYERS LLP**

By: /s/ Brian D. Boyle

Brian D. Boyle (*Pro Hac Vice*)
Theresa S. Gee (*Pro Hac Vice*)
1625 Eye Street, 11th Floor
Washington, DC 20006
Tel: (202) 383-5300
Fax: (202) 383-5414
bboyle@omm.com
tgee@omm.com

Charles Bachman
Times Square Tower
7 Times Square
New York, New York 10036
Tel: (212) 326-2000
Fax: (212) 326-2061
cbachman@omm.com

*Attorneys for Defendants Oxford Health Plans (NY), Inc. and UnitedHealth Group, Inc.*